















VLS    9/16/02    10:54

3:00-CR-01260   USA V. VER HOEVE

*39*

*CRMEMSUP.*

ORIGINAL

1 | Michael L. Lipman (State Bar No. 66605)
Barbara Howe Murray (State Bar No. 177254)
2 | **COUGHLAN, SEMMER & LIPMAN, LLP**
501 W. Broadway, Suite 400
3 | San Diego, CA 92101
Tel: (619) 232-0800
4 | Fax: (619) 232-0107

5 | Attorneys for Defendant-Petitioner
PAUL EDWARD VER HOEVE

6

7



FILED

02 SEP 13 PM 3: 47

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY_____DEPUTY

8 | ### UNITED STATES DISTRICT COURT

9 | ### SOUTHERN DISTRICT OF CALIFORNIA

10 | ### (HONORABLE JEFFREY T. MILLER)

**'02 CV 1830 JM**

11

12 | UNITED STATES OF AMERICA,

13 |      Plaintiff-Respondent,

14 | vs.

15 | PAUL EDWARD VER HOEVE,

16 |      Defendant-Petitioner.

17

18

) DC No. Civ.
) DC No. 00CR1260 JM
)
)
)
) **STATEMENT OF FACTS AND**
) **MEMORANDUM OF POINTS AND**
) **AUTHORITIES IN SUPPORT OF**
) **PETITIONER'S MOTION TO SET**
) **ASIDE HIS CONVICTION AND**
) **SENTENCE PURSUANT TO TITLE 28**
) **U.S.C. §2255 BECAUSE THE**
) **INDICTMENT FAILED TO STATE AN**
) **OFFENSE**
)

19

20 | Defendant-Petitioner Paul Ver Hoeve respectfully submits this Statement of Facts and

21 | Memorandum of Points and Authorities in Support of his Motion to Set Aside His Conviction

22 | and Sentence because the Indictment Failed to State an Offense.

23 | **I.   STATEMENT OF FACTS**

24 | On April 18, 2000, the Government returned a 64 count Indictment against Dr. Ver

25 | Hoeve purporting to allege charges of mail fraud, false claims, and aiding and abetting. On

26 | December 20, 2000, Dr. Ver Hoeve entered a guilty plea to Count 1 of the Indictment which

27 | purported to allege mail fraud in violation of 18 U.S.C. §1341. On September 14, 2001, Dr. Ver

28 | Hoeve was sentenced to probation for a term of two years. Despite the guilty plea, the



- 1 -

1  Indictment failed to state an offense against Dr. Ver Hoeve.

2  **II.    ARGUMENT**

3      Dr. Ver Hoeve moves pursuant to 28 U.S.C. §2255 to have his conviction and sentence

4  set aside. This Court has jurisdiction over Dr. Ver Hoeve's section 2255 motion because Dr. Ver

5  Hoeve is serving a probationary term. United States v. Spawr Optical Research, Inc., 864 F.2d

6  1467, 1470 (9th Cir. 1988), cert. denied 493 U.S. 809, 110 S.Ct. 51 (1989) ("A probationary term

7  is sufficient custody to confer jurisdiction.)

8      "As a general rule, one who voluntarily and intelligently pleads guilty to a criminal

9  charge may not subsequently seek federal habeas corpus relief on the basis of pre-plea

10  constitutional violations." Hudson v. Moran, 760 F.2d 1027, 1029-30 (9th Cir.), cert. denied 474

11  U.S. 981, 106 S.Ct. 387 (1985). However, "'jurisdictional' claims are an exception to this rule."

12  United States v. Caperell, 938 F.2d 975, 977 (9th Cir. 1991). A guilty plea to a charge does not

13  waive a claim that the charge is one which the government may not constitutionally prosecute.

14  United States v. Cortez, 973 F.2d 765, 766 (9th Cir. 1992); Blackledge v. Perry, 417 U.S. 21, 30,

15  94 S.Ct. 2098, 2103-04 (1974). This "exception is derived from the fact that even though the

16  guilty plea removes the question of the defendant's guilt from the case, the issue of whether the

17  government had the power to bring the charge at all still remains." United States v. Cortez, 973

18  F.2d at 767. The "charges that the government constitutionally may not prosecute are not

19  'crystal-clear.'" Id. (quoting United States v. Montilla, 870 F.2d 549, 552 (9th Cir. 1989),

20  amended at 907 F.2d 115 (9th Cir. 1990)). However, "[c]laims that 'the applicable statute is

21  unconstitutional or that the indictment fails to state an offense' are jurisdictional claims not

22  waived by the guilty plea." United States v. Montilla, 870 F.2d at 552 (quoting United States v.

23  Broncheau, 597 F.2d 1260, 1262, n. 1 (9th Cir.), cert. denied, 444 U.S. 859, 100 S.Ct. 123

24  (1979)). "[W]hether a claim is 'jurisdictional,' depends on whether the claim can be resolved by

25  examining the face of the indictment or the record at the time of the plea without requiring

26  further proceedings." United States v. Caperell, 938 F.2d at 977-78.

27      Here, the Indictment purports to state charges for mail fraud in violation of 18 U.S.C.

28  §1341, false claims in violation of 18 U.S.C. §287, and aiding and abetting in violation of 18

- 2 -

1   U.S.C. §2.  However, based on a review of the face of the indictment alone, it is clear that the

2   Government has failed to state an offense against Dr. Ver Hoeve.  For this reason, Dr. Ver Hoeve

3   requests that the Court set aside his conviction and sentence.

4   **III.      CONCLUSION**

5          For the reasons stated herein, Paul Ver Hoeve requests that this Court grant his Motion to

6   Set Aside His Conviction and Sentence.

7   DATED:  September 13, 2002                    COUGHLAN, SEMMER & LIPMAN, LLP

8

9                                                 By _____

10                                                    Michael L. Lipman
                                                      Barbara Howe Murray
11                                                    Attorneys for Defendant-Petitioner
                                                      Paul Ver Hoeve

12   @PFDesktop\::ODMA/PCDOCS/CSL/35529/1

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DC No. Civ:          DC No. 00CR1260 JM